UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOODS,<br><br>    Plaintiff,<br><br>v.<br><br>G. MARQUEZ, et al.,<br><br>    Defendants. | Case No. 19-cv-02470-EMC<br><br>**ORDER OF SERVICE**<br><br>Docket No. 1 |

## I.     INTRODUCTION

Robert Woods, a prisoner at the California State Prison - Corcoran, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## II.     BACKGROUND

The complaint alleges the following about events that occurred in May 2015 at Salinas Valley State Prison:

Due to prison overcrowding, Salinas Valley officials were re-housing some inmates. Officials devised a scheme to house security threat group (STG) inmates with non-STG inmates in hopes that one of them would object and thereby earn a trip to administrative segregation.

In April 2015, Mr. Woods was single-celled. In an effort to thwart any effort to house him in an unfavorable situation, he found a compatible potential cellmate and asked his housing officer to be housed with this inmate. Staff did not implement Mr. Woods' request.

On May 14, 2015, correctional officer (C/O) Marquez said Mr. Woods was going to be housed with an inmate Mr. Woods did not know. Mr. Woods asked about his earlier request to be housed with the compatible potential cellmate. This inquiry irritated C/O Marquez, who asked if

Mr. Woods was refusing the ordered move. Mr. Woods said he was not refusing but wanted a compatible cellmate; Mr. Woods asked to speak to a supervisor, which further irritated C/O Marquez. C/O Marquez took Mr. Woods to a program office and made him wait outside while C/O Marquez went inside. About 20 minutes later C/O Marquez and C/O Cardona came out of the office. They grabbed Mr. Woods and slammed him against a wall, yelling "here's your fucken rights," and then dragged him into the program office where they slammed him into a steel cage and dislocated his shoulder. Docket No. 1 at 7 (error in source). Correctional lieutenant Celaya and C/O Correa supervised the use of force on Mr. Woods. They also told Mr. Woods that it was the "direct result of plaintiff not following instructions to cell up with who they tell him to cell up with and next time plaintiff will think twice about complying with their orders." *Id.* at 8. Lieutenant Celaya and C/O Correa declined to obtain immediate medical attention for Mr. Woods and told him he could get medical attention in administrative segregation.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The unnecessary and wanton infliction of pain on a prisoner amounts to cruel and unusual punishment prohibited by the Eight Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Liberally construed, the complaint states a cognizable claim against defendants Marquez, Cardona, Celaya and Correa for the use of excessive force on Mr. Woods. Although defendants Celaya and Correa are not alleged to have personally applied force to Mr. Woods, they are alleged to have directed and supervised the use of force, and that allegation is sufficient to state a claim against them. *See generally Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (claim that supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability'"); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The complaint alleges that the defendants used excessive force on Mr. Woods to retaliate against him for questioning why he was not allowed to have his chosen potential compatible cellmate rather than accept a cellmate of correctional staff's choosing. Liberally construed, the complaint states a cognizable claim against defendants Marquez, Cardona, Celaya and Correa for retaliation against Mr. Woods.

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim on a condition of confinement, such as medical care, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) the official was, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Liberally construed, the complaint states a cognizable claim against defendants

3

Celaya and Correa for failing to timely obtain medical assistance for Mr. Woods, who complained of pain and requested medical care after suffering a separated shoulder due to the use of excessive force on him.

### IV. **CONCLUSION**

1. The complaint, liberally construed, states cognizable § 1983 claims against C/O G. Marquez, C/O R. Cardona, C/O R. Correa, and correctional lieutenant J. Celaya.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, and a copy of all the documents in the case file upon the following defendants who allegedly worked at Salinas Valley State Prison:

- correctional officer G. Marquez
- correctional officer R. Cardona
- correctional officer R. Correa
- correctional lieutenant J. Celaya

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **December 13, 2019**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **January 10, 2020**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 24, 2020**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

4

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendants file a motion for summary judgment for failure to exhaust administrative remedies, they are seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every

5

pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

9. Plaintiff must file a completed *in forma pauperis* application or pay the full $400.00 filing fee no later than **October 31, 2019**. Failure to do so will result in the dismissal of this action.

10. Plaintiff is requested to write more neatly in future filings. The handwriting on the complaint is difficult to read.

**IT IS SO ORDERED**.

Dated: September 20, 2019

_____
EDWARD M. CHEN
United States District Judge